UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                   Crim. No. 14-364(1) (PAM/FLN)

           Plaintiff,

v.                                                                                **ORDER**

Veltrez Black,

           Defendant.

---

This matter is before the Court on Defendant Veltrez Black's Motion to Vacate Sentence under 28 U.S.C. § 2255.

Black was originally convicted of conspiracy to possess a firearm by a convicted felon and of being a felon in possession of a firearm. He was sentenced to 60 months on the conspiracy count and 120 months consecutive on the possession count, for a total imprisonment term of 180 months. (Docket No. 730.) The Eighth Circuit Court of Appeals subsequently vacated Black's possession conviction and remanded for resentencing. United States v. Parker, 871 F.3d 590, 604 (8th Cir. 2017). On November 21, 2017, this Court resentenced Black to 60 months' imprisonment on the conspiracy count. (Docket No. 849.) Black did not take an appeal.

Black now moves to vacate his new sentence, arguing that his counsel rendered ineffective assistance by ostensibly not informing Black that his sentence could be made concurrent with time Black served in state custody. Black seeks immediate release to a

halfway house, contending that with the state-custody credit he is allegedly due, he has served all of his newly imposed sentence.

To prove ineffective assistance of counsel, Black must establish that: "(1) his counsel so grievously erred as to not function as the counsel guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance prejudiced his defense." Auman v. United States, 67 F.3d 157, 162 (8th Cir. 1995) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). The performance prong of the effective-assistance inquiry requires a showing "that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. "Prejudice" requires a reasonable probability that the result of the proceeding would have been different but for counsel's errors. York v. Lockhart, 856 F.2d 61, 63 (8th Cir. 1988).

As the Government argues, Black's claim is one that should have been raised on a direct appeal from his sentence, not in the collateral attack that he brings here. But even if his claim to a reduced sentence had merit, his counsel in fact argued for a reduced sentence, albeit on a different basis, and the Court rejected that request. The Court specifically found that a 60-month sentence was appropriate in light of the severity of the offense and Black's extensive criminal history. Indeed, the guidelines range for the offense was 235 to 293 months, but the statutory maximum limited Black's sentence to 60 months. Counsel was not ineffective in securing an additional reduction in Black's already significantly reduced sentence.

Finally, the Court declines to issue a certificate of appealability. Black has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(1)(B), (c)(2). Nor are the issues he raises "debatable among reasonable jurists." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

Accordingly, **IT IS ORDERED that** Defendant's Motion to Vacate (Docket No. 862) is **DENIED**.

Dated:  April 12, 2018                              *s/ Paul A. Magnuson*
                                                                  Paul A. Magnuson
                                                                  United States District Court Judge